# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>Christina Pope Cruz,<br><br>                      Debtor(s). | Chapter 7<br><br>Case No. 04-11347-SSC |
| Steven Patrick McCurry,<br><br>                      Plaintiff,<br><br>v.<br><br>Christina Pope Cruz,<br><br>                      Defendant. | Adv. No. 04-1058<br><br>Memorandum Decision<br>(Opinion to Post) |

On September 28, 2004, Steven P. McCurry, the Plaintiff, filed a complaint to determine whether a certain debt was nondischargeable under 11 U.S.C. §523(a)(5).[1] The Debtor, the Defendant herein, filed a letter with the Court, which the Court construed as an answer. Both the Plaintiff and the Defendant are proceeding pro se before this Court.

The Court subsequently held several Scheduling Conferences in this adversary. The Court requested that the parties provide a complete copy or set of the relevant documents from the State Court domestic relations proceedings, including any judgments, decrees, or orders

---

[1] The Plaintiff also sought additional relief under Section 727. However, at an initial Bankruptcy Rule 7016 Scheduling Conference, the Plaintiff determined not to pursue said relief after discussing the issue further with the Court.

that the State Court had entered, so that this Court could make a determination as to the dischargeability of any debt owed to the Plaintiff. The Plaintiff attempted, as did this Court, to obtain the relevant documents. Ultimately, the State Court did provide this Court with a complete minute entry order recreated as of April 5, 2005, concerning the support obligations that were to be paid by the Debtor.[2] It appears that other than the Minute Entry Order, the State Court did not enter any other judgment or order that this Court should review. The parties, at this stage of the proceedings, agree that this Court has all relevant documents and should enter a judgment in this matter.

The Minute Entry Order has several relevant ordering paragraphs, which this Court will incorporate in its judgment:

> With respect to unreimbursed medical expenses,
>
> THE COURT FINDS that Mother [Debtor] had the obligation to provide medical insurance for the minor child and she failed to do so as required.
>
> THE COURT FURTHER FINDS that Father incurred expenses for premiums and uncovered medical expenses in the amount of $1,637.00.
>
> IT IS ORDERED that Mother shall reimburse Father in the amount of $1,637.00 towards uncovered medical expenses.
> . . . . .
>
> IT IS ORDERED, that Mother shall pay $25.00 per month towards uncovered medical expenses in addition to her child support obligation until paid in full.[3]

The parties have agreed, in proceedings before this Court, that the aforesaid obligation concerning the unreimbursed medical expenses is the only debt that this Court should analyze at this time in determining whether the Debtor has nondischargeable obligations to the Plaintiff.

Ninth Circuit case law generally adheres to a four-part test in determining whether a debt is in the nature of support and, hence, is nondischargeable. Shaver v. Shaver, 736 F.2d 1314 (9th Cir. 1984). An important issue to consider is the intent of the parties. The

---

**2.** See Docket Entry No. 13 in this Adversary.

**3.** See Docket Entry No. 13 at 4.

1  Plaintiff and the Defendant have been represented by counsel in the State Court domestic
2  relations proceedings. Various contested matters were presented to the State Court for ultimate
3  resolution. The parties have stated to this Court that they do not wish to present any additional
4  evidence to this Court. They have simply asked this Court to review the State Court Minute
5  Entry Order and render its decision. Since the issue of the unreimbursed medical expenses was
6  contested by the parties in the State Court, the intent of the parties is not reflected in the Minute
7  Entry Order. This Court can conclude that it was the Debtor's responsibility to obtain medical
8  insurance for the parties' minor child, and she did not. This Court can also conclude, based upon
9  the State Court record, that the Plaintiff incurred the aforesaid obligation for uncovered medical
10 expenses which the Debtor should have also paid in support of the minor child.

11             This Court concludes that the Plaintiff incurred an obligation in the amount of
12 $1,637.00, which was for uncovered medical expenses for the parties' minor child, which should
13 have been paid by the Debtor. The nature of this obligation is in the support of a minor child.
14 The decision of Shaver v. Shaver deems such an obligation to be nondischargeable under 11
15 U.S.C. §523(a)(5). Under State law, this obligation accrues interest at the rate of 10 percent per
16 annum. A.R.S. § 44-1201. Under Ninth Circuit case law, interest which accrues on a
17 nondischargeable obligation is also nondischargeable. In re Foster, 319 F.3d 455 (9th Cir. 2003.)
18 Furthermore, the Debtor shall repay this obligation at the rate of $25.00 per month as ordered by
19 the State Court.

20             Based upon the foregoing,
21             IT IS ORDERED that the obligation due and owing by the Debtor to the Plaintiff
22 in the principal amount of $1,637.00, which shall accrue interest at the Arizona judgment rate of
23 interest of 10 percent per annum until paid in full, shall be deemed nondischargeable pursuant to
24 11 U.S.C. §523(a)(5).
25             IT IS FURTHER ORDERED that the Debtor shall repay the obligation at the rate
26 of $25.00 per month until the debt is paid in full; however, the Debtor may increase the amount
27 of her monthly payments or prepay the obligation in full, at any time, without penalty.
28

1    IT IS FURTHER ORDERED that this Court shall execute a separate judgment
2    incorporating the Decision of this Court.
3    IT IS FURTHER ORDERED that the Clerk's Office shall provide a copy of this
4    Memorandum Decision to all interested parties.

6    DATED this 6th day of July, 2005.

*[signature]*

Honorable Sarah Sharer Curley
United States Bankruptcy Judge

BNC to NOTICE